UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST, | ) NO. ED CV 09-655-GW(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER DISMISSING |
| SAN BERNARDINO COUNTY SHERIFF'S DEPT., et al., | ) COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | ) |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1); 42 U.S.C. § 1997e(c).

**BACKGROUND**

Plaintiff, a detainee at the West Valley Detention Center, filed a pro se civil rights Complaint on April 7, 2009. The Complaint names as Defendants: (1) the San Bernardino County Sheriff's

Department Health Services ("DHS"); (2) San Bernardino County Sheriff Deputies S. Wallen, Dyberg, J. Gelians, C. Fisher, Ohannessian, Garnett, and A. Chrzanowski; and (3) San Bernardino County "S. C. S." Barbara Montes.  All individual defendants are sued in their individual capacities.

The Complaint is not a model of clarity.  Plaintiff apparently asserts three claims for relief.  In Claim One, Plaintiff alleges that he received inadequate medical treatment for injuries assertedly sustained from an assault by unidentified San Bernardino County Sheriff Deputies that took place on or about October 29, 2008. Specifically, Plaintiff complains that the DHS waited 91 days before x-raying Plaintiff's injured left shoulder following the alleged assault.  Plaintiff further alleges that he has not received his "psych." medication since his incarceration.  Plaintiff alleges that he has "put in" a number of unacknowledged inmate grievances.  See Complaint, p. 3, and accompanying attachments (inmate grievance forms).  The only Defendant identified in Claim One is the DHS.

In Claim Two, Plaintiff appears to allege that Defendants Montes, Dyberg, and Gelians "thwart[ed]" Plaintiff's ability to file a civil rights complaint with this Court on or about January 25, 2009. Plaintiff does not allege specifically how these Defendants

purportedly thwarted Plaintiff's ability to file a complaint.[1] Plaintiff further alleges that he has been subjected to cruel and unusual punishment in retaliation for filing another civil rights complaint with this Court in East v. K. Lewis, Case No. CV 09-142-GW(E). Plaintiff alleges that he has been told by unnamed "staff" that Plaintiff would be placed in the hole if Plaintiff continued to file grievances. Plaintiff does not allege that he has been placed in the hole. See Complaint, p. 4, and accompanying attachments (inmate grievance forms).

In Claim Three, Plaintiff alleges that from October 29, 2008 to February 27, 2009, the named Defendants deprived Plaintiff of his federally-protected rights (i.e., Plaintiff's right to due process, free speech, and freedom from cruel and unusual punishment) by: (1) Defendant Wallen allegedly assaulting Plaintiff on October 29, 2008; (2) Defendants Dyberg, Gelians, and Montes "helping to thwart" a federal complaint by allegedly threatening to throw Plaintiff in the hole for exercising his right to file a civil complaint against the San Bernardino County Sheriff's Department deputies who assaulted Plaintiff; (3) Defendants Fisher and Ohannessian allegedly investigating Plaintiff's related grievances improperly; (4) Defendant Garnett allegedly "holding back" Plaintiff's mail during Defendant

---

[1] It appears from the Court's review of its docket that Plaintiff previously lodged a complaint with this Court in East v. K. Lewis, Case no. CV 08-1870-UA(E). The Court denied Plaintiff's request to proceed without prepayment of the full filing fee on December 23, 2008, noting, inter alia, that Plaintiff failed to provide a certified copy of his trust fund statement. On January 21, 2009, Plaintiff lodged the same complaint again in East v. K. Lewis, Case No. CV 09-142-GW(E). Plaintiff concurrently filed a request to proceed without prepayment of filing fees. On January 26, 2009, the Court granted Plaintiff's request to proceed without prepayment of the full filing fee. That case currently is pending.

Garnett's shift; and (5) Defendant Chrzanowski allegedly threatening Plaintiff for exercising his federal rights.  See Complaint, p. 5.

The request for relief seeks an injunction for Plaintiff "to work in the unit [Plaintiff is] housed in."  Plaintiff does not explain how the requested injunctive relief relates to the claims alleged herein.  Plaintiff seeks $250,000 in compensatory damages.  Plaintiff also seeks $380,000 in punitive damages from the DHS.  See Complaint, p. 7.

**DISCUSSION**

The Court sua sponte must dismiss any of Plaintiff's claims that fail to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) (statutory authority clear: courts shall dismiss "at any time" if court determines action fails to state claim on which relief may be granted).

When a plaintiff appears pro se, the Court construes the pleadings liberally.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  When the court dismisses a pro se complaint for failure to state a claim, the court should grant leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured.

4

Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Complaint in this action is deficient for a number of reasons. First, Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain" statement of the claim for relief. "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e). Here, the claims in the Complaint consist of lengthy narratives. Additionally, the narrative for Claim One references only the DHS as a Defendant. To the extent Plaintiff may wish to identify additional Defendants for that claim, Plaintiff should name those Defendants. The narrative for Claim Two, which references unnamed "staff," does not clearly identify the staff or indicate whether those persons are Defendants. A complaint is subject to dismissal if one cannot determine from the complaint who is being sued, and for what relief. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Second, the Complaint fails to state a claim for an Eighth Amendment violation. The Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1042 (9th Cir.), cert. denied, 519 U.S. 1006 (1996). The same standards generally apply to pretrial detainees, such as Plaintiff, under the Due Process Clause, however. Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (claims of failure to provide care for serious medical needs brought by detainees who have not been convicted of a crime are analyzed under substantive due process clause); Gibson v. County of Washoe, Nev., 290

1  F.3d 1175, 1187 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003)
2  (same).  To the extent Plaintiff may allege that he has been subjected
3  to cruel and unusual punishment, Plaintiff must assert the claim as a
4  due process claim.

6        Third, the Complaint fails to allege an unconstitutional denial
7  of access to the courts.  A prisoner claiming a violation of his right
8  of access to the courts must demonstrate that he has standing to bring
9  the claim by showing the defendant's actions caused the prisoner to
10 suffer "actual injury" in pursuit of either a direct or collateral
11 attack upon a conviction or sentence or a challenge to the conditions
12 of confinement.  Lewis v. Casey, 518 U.S. 343, 349 (1996); see also
13 Phillips v. Hust, 477 F.3d 1070, 1075-76 (9th Cir. 2007) (discussing
14 standard for presenting denial of access claim), vacated on other
15 grounds by Pearson v. Callahan, 129 S. Ct. 808 (2009).  Under Lewis v.
16 Casey, a prisoner must show that an action was "lost or rejected," or
17 that presentation of a non-frivolous claim was or is being prevented,
18 as a result of the alleged denial of access.  Id. at 356.  Plaintiff
19 does not plead he suffered any "actual injury" within the meaning of
20 Lewis v. Casey.

22       Fourth, to the extent that Plaintiff alleges jail officials
23 refused to respond to grievances, the Complaint fails to state a
24 constitutional claim.  While prisoners may enjoy a First Amendment
25 right to file jail grievances, see Rhodes v. Robinson, 408 F.3d 559,
26 567 (9th Cir. 2005), prisoners have no "separate constitutional
27 entitlement to a specific prison grievance procedure."  See Ramirez v.
28 Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063

1  (2004) (citation omitted).  The failure of jail officials to respond
2  to or process a particular grievance does not violate the
3  Constitution.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991);
4  Larkins v. Watts, 300 Fed. App'x 501 (9th Cir. 2008) ("claim that the
5  defendants improperly processed [inmate's] administrative complaints
6  or grievances does not give rise to a cognizable constitutional. . .
7  claim"); Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120-21 (S.D. Cal.
8  2007) (rejecting claim that failure to use certain procedures in
9  processing grievance violated First Amendment, citing, inter alia,
10 Ramirez v. Galaza, supra).

12      Fifth, Plaintiff may not sue the DHS, a San Bernardino County
13 entity, on a theory of respondeat superior for the conduct of county
14 employees.  Respondeat superior is not a theory of liability
15 cognizable under 42 U.S.C. section 1983.  Polk County v. Dodson, 454
16 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175,
17 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).  A county or
18 municipal entity may be held liable under section 1983 only if the
19 alleged wrongdoing was committed pursuant to a county or municipal
20 policy, custom or usage.  See Board of County Commissioners of Bryan
21 County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New
22 York City Department of Social Services, 436 U.S. 658, 691 (1978); see
23 also Gibson v. County of Washoe, Nev., 290 F.3d at 1185-87 (describing
24 "two routes" to municipal liability, where municipality's official
25 policy, regulation or decision violated plaintiff's rights, or
26 alternatively where municipality failed to act under circumstances
27 showing its deliberate indifference to plaintiff's rights).  The
28 pleading requirements for a municipal liability claim are not onerous.

7

See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (plaintiff need only allege that a defendant's conduct conformed to official policy, custom or practice). However, Plaintiff does not clearly plead the DHS's liability under these standards.

Sixth, Plaintiff may not recover punitive damages against a governmental entity. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Bell v. Clackamas County, 341 F.3d 858, 868 n. 4 (9th Cir. 2003); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 (9th Cir.), cert. denied, 528 U.S. 1003 (1999).

**CONCLUSION AND ORDER**

For all of the foregoing reasons, the Complaint is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); 28 U.S.C. § 1915(e)(2)(B), § 1915A(b); 42 U.S.C. § 1997e. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint. The First Amended Complaint must contain a "short and plain" statement of Plaintiff's claim or claims for relief, see Fed. R. Civ. P. 8(a), and shall not contain legal argument. The caption shall contain the names of all Defendants whom Plaintiff seeks to sue in this action. See Fed. R. Civ. P. 10(a). The First Amended Complaint shall be complete in itself and shall not refer in any manner to any prior Complaint. Plaintiff should not attempt to add additional parties without leave of Court. See Fed. R. Civ. P. 21. Plaintiff may not assert claims on behalf of anyone other than himself. Failure timely to file a First

1  Amended Complaint in conformity with this Order may result in the
2  dismissal of this action.

6          DATED: July 29, 2009.

                         _____
                              GEORGE H. WU
                         UNITED STATES DISTRICT JUDGE

13  PRESENTED this 15th day of
14  April, 2009, by:

   _____
        CHARLES F. EICK
17  UNITED STATES MAGISTRATE JUDGE