UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EBONE LEROY EAST, | ) | NO. ED CV 09-655-GW(E) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| SAN BERNARDINO COUNTY SHERIFF'S DEPT., et al., | ) | SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | ) | |

For the reasons discussed below, the Second Amended Complaint is dismissed with leave to amend.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1); 42 U.S.C. § 1997e(c).

**BACKGROUND**

Plaintiff, a state prisoner and former pretrial detainee at the West Valley Detention Center who has been granted leave to proceed without prepayment of the filing fee, filed a form pro se civil rights Complaint on April 7, 2009.  The original Complaint challenged the conditions of confinement at the West Valley Detention Center.  On

July 31, 2009, the Court issued a Memorandum and Order dismissing the Complaint with leave to amend. On August 24, 2009, Plaintiff filed a First Amended Complaint. Like the original Complaint, the First Amended Complaint challenged Plaintiff's conditions of confinement while a pretrial detainee at the West Valley Detention Center.

On February 2, 2010, the Court issued a Memorandum and Order dismissing the First Amended Complaint with leave to amend. The Court advised Plaintiff that he would be given one last opportunity to file a complaint complying with Rule 8 and addressing the deficiencies previously identified. On February 10, 2010, Plaintiff filed a Second Amended Complaint ("SAC").

**SUMMARY OF ALLEGATIONS OF SECOND AMENDED COMPLAINT**

The Second Amended Complaint names as the sole Defendant the San Bernardino County Sheriff's Department Health Services (the "DHS"), and purports to sue the DHS in both individual and official capacities (SAC, p. 3). The Second Amended Complaint attempts to assert two claims for relief. Plaintiff asserts that the DHS retaliated against Plaintiff for complaining of injuries Plaintiff received on or about October 28, 2008. Plaintiff also asserts that the DHS denied Plaintiff adequate medical care and was deliberately indifferent to Plaintiff's medical needs (SAC, p. 5, parts 1 and 2). Plaintiff appears to allege that his left arm was injured on October 28, 2008, but that the DHS denied Plaintiff x-rays until on or about January 29, 2009 (by which time, according to Plaintiff, the alleged injury had healed) (SAC, p. 5, parts 1 and 2).

2

**DISCUSSION**

Since Plaintiff is a prisoner proceeding on a civil rights complaint naming a governmental defendant and addressing conditions in a correctional facility, the Court must screen the Complaint and dismiss any claims that fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A ("prisoner" complaints against government defendants by detained persons accused of crimes); 42 U.S.C. § 1997e(c) (complaints regarding "prison" conditions by a prisoner confined in any jail, prison, or other correctional facility); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The statutory authority is clear: 'the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.'") (emphasis in original, citing 28 U.S.C. § 1915(e)(2)(B)(ii)), cert. denied, 525 U.S. 1154 (1999).

When a plaintiff appears pro se, the court construes the pleadings liberally to afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); see also Jackson v. Carey, 353 F.3d 750, 756 (9th Cir. 2003) (applying same). Giving Plaintiff the benefit of any doubt, the Second Amended Complaint in this action appears deficient for the following reasons.

///
///
///
///

**I. The Second Amended Complaint Fails to State A Claim Against the DHS.**

The Second Amended Complaint does not cure the deficiencies the Court identified in its July 31, 2009 and February 2, 2010 Memoranda and Orders with respect to the allegations against the DHS.

The Second Amended Complaint does not identify any DHS employees involved in the events alleged in the Second Amended Complaint.[1] Instead, Plaintiff generally sues the DHS. As the Court has advised Plaintiff, Plaintiff may not sue the DHS, a San Bernardino County entity, on a theory of respondeat superior for the conduct of county employees. Respondeat superior is not a theory of liability cognizable under 42 U.S.C. section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

///

---

[1] The Court notes that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation. . ."). If Plaintiff wishes to pursue individual claims, he must identify the individual defendants personally responsible for the alleged acts and explain their alleged involvement. Plaintiff is cautioned to do more than offer legal conclusions. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his rights.")

1    A county or municipal entity may be held liable under section
2 1983 only if the alleged wrongdoing was committed pursuant to a county
3 or municipal policy, custom or usage.  See Board of County
4 Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04
5 (1997); Monell v. New York City Department of Social Services, 436
6 U.S. 658, 691 (1978); see also Gibson v. County of Washoe, Nev., 290
7 F.3d at 1185-87 (describing "two routes" to municipal liability, where
8 municipality's official policy, regulation or decision violated
9 plaintiff's rights, or alternatively where municipality failed to act
10 under circumstances showing its deliberate indifference to plaintiff's
11 rights).
12
13    Plaintiff has not alleged facts from which the Court plausibly
14 may infer that Plaintiff was denied adequate medical care pursuant to
15 an official policy, custom or practice.  See Ashcroft v. Iqbal, 129 S.
16 Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-
17 defendant-unlawfully-harmed-me accusation"; a pleading that "offers
18 labels and conclusions or a formulaic recitation of the elements of a
19 cause of action will not do").  "In order to impose liability on a
20 policy of deliberate inaction, [Plaintiff] must establish: (1) that he
21 possessed a constitutional right of which he was deprived; (2) that
22 the municipality had a policy; (3) that this policy amounts to
23 deliberate indifference to [Plaintiff's] constitutional right; and
24 (4) that the policy was the moving force behind the constitutional
25 violation."  Mortimer v. Baca, ___ F.3d ___, 2010 WL 396091 *2 (9th
26 Cir. Feb. 5, 2010) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th
27 Cir. 1992) (internal quotations and citations omitted).  Plaintiff
28 must plead facts, not merely conclusions.  See Ashcroft v. Iqbal, 129

S. Ct. at 1949. Plaintiff has failed to state a claim under these standards.

## II. The Second Amended Complaint Improperly Refers to Documents "on file with the Court" Concerning Exhaustion of Administrative Remedies.

In dismissing the First Amended Complaint, the Court instructed Plaintiff that any Second Amended Complaint must be complete in itself and shall not refer in any manner to any prior complaint. See February 2, 2010 Memorandum and Order, p. 4. The Second Amended Complaint does not comply with the Court's instruction. Plaintiff has not attached copies of the documents related to the jail grievance procedure by which Plaintiff purportedly has exhausted his administrative remedies. Instead, Plaintiff generally refers to documents "on file with the Court" (SAC, p. 2). If Plaintiff wishes to pursue this action, Plaintiff should provide to the Court, as part of his Third Amended Complaint, copies of those documents which Plaintiff believes show that Plaintiff has exhausted the administrative grievance procedure concerning his claims.

## III. The Second Amended Complaint Fails to Plead a Cognizable Retaliation Claim.

As evidenced by the heading of Claim 1, Plaintiff appears to be attempting to assert a retaliation claim. See SAC, p. 5, part 1 (noting "Retaliation & Liberty to Exercise Free Speech"). Plaintiff alleges that he complained about his October 28, 2008 injury, and the

DHS "retaliated" against Plaintiff by interfering with Plaintiff's medical treatment (Id.).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations and footnote omitted). Plaintiff has not alleged that his rights were actually chilled by the allegedly retaliatory actions, or that the actions had caused more than minimal harm from which a chilling effect might be inferred. Id. at n. 11. Thus, to the extent Plaintiff may be attempting to assert a retaliation claim, the Second Amended Complaint fails.

**CONCLUSION AND ORDER**

Based on the deficiencies noted above, the Second Amended Complaint is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); 28 U.S.C. § 1915(e)(2)(B), § 1915A(b); 42 U.S.C. § 1997e. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Third Amended Complaint. The Third Amended Complaint must contain a "short and plain" statement of Plaintiff's claim or claims for relief, see Fed. R. Civ. P. 8(a), and shall not contain legal argument. The Third Amended Complaint

7

shall be complete in itself and shall not refer in any manner to any prior Complaint.  Failure timely to file a Third Amended Complaint in conformity with this Order may result in the dismissal of this action. Absent extraordinary circumstances, this leave to amend will be Plaintiff's last opportunity to file an amended complaint complying with this Court's orders.

To aid Plaintiff in filing an amended complaint that complies with the Court's orders, once again the Court is providing for Plaintiff a Prisoner Civil Rights Packet containing instructions for filing a civil rights complaint by a prisoner and four copies of the form used in this District for filing civil rights complaints.

DATED: June 7, 2010.

_____
                GEORGE H. WU
         UNITED STATES DISTRICT JUDGE

PRESENTED this 25th day of February, 2010, by:

_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE